**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **INFORMATION EXCHANGE TECHNOLOGIES LLC,**<br>***Plaintiff,***<br>*v.*<br>**ENTERTAINMENT BENEFITS GROUP, LLC,**<br>***Defendant.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 7:25-CV-00491-DC-DTG** |

**REPORT & RECOMMENDATION TO DENY DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 24)**

**TO: THE HONORABLE DAVID COUNTS,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges and the Order and Advisory (Dkt. No. 6) referring all pretrial matters in this case to the undersigned.

Pending before the Court is the defendant, Entertainment Benefits Group, LLC's Rule 12(c) Motion for Judgment on the Pleadings. Dkt. No. 24. The Motion has been fully briefed, and on October 14, 2026, the Court heard arguments from the parties. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the Motion be **DENIED**.

## I. BACKGROUND

The plaintiff, Information Exchange Technologies, LLC, alleges that the defendant, Entertainment Benefits Group, LLC, infringes two patents: U.S. Patent Nos. 7,987,168 (the "'168 Patent") and 8,682,894 (the "'894 Patent"). Dkt. No. 1 ¶ 1. The defendant moved for a judgment on the pleadings, arguing that the '168 and the '894 Patents are unpatentable under 35 U.S.C. § 101. Dkt. No. 24. The defendant also contends that Claim 1 of the '168 Patent is representative of all claims of the '168 and the '894 Patents and that the Court only needs to analyze that claim under the § 101 analysis. *Id.* at 7.

The '168 Patent and the '894 Patent are part of the same family and share the same specification. Dkt. No. 24 at 2. The '894 Patent is a continuation of the '168 Patent, which was filed six years before the '894 Patent. *Id.* Both Patents are titled "Method for managing information." *Id.*

Claim 1 of the '168 Patent reads as follows:

> 1. A method for retrieving search results pages generated by a plurality of web sites, each of the plurality of web sites allowing entry of query terms, generating corresponding address query strings, and generating the search results pages in response to the address query strings, the address query strings including the query terms and additional terms specific to each web site, the method comprising:
>
> receiving, in a software application distinct from the plurality of web sites, a selection of at least one of the plurality of web sites from which a search results page is to be retrieved;
>
> receiving, in the software application, at least one query term;
>
> generating, in the software application, at least one address query string including the at least one query term and additional terms specific to the at least one web site selected;
>
> communicating the at least one address query string to the at least one web site; and

> displaying the search results page generated by the at least one web site retrieved in response to the at least one address query string;
>
> wherein the search results page generated by the at least one web site is the same search results page that would have been generated if the at least one query term had been entered into the at least one web site, and the at least one web site had generated the at least one address query string.

Dkt. No. 26-1 at 29–30 ('168 Patent, cl. 1.).

Claim 1 of the '894 Patent reads as follows:

> 1. A method for managing web information on a computer, the method comprising:
>
> adding, by a user of the computer through a user interface, a plurality of information portals within at least one information category, wherein each information portal corresponds to at least one website;
>
> generating an information location identifier template for each of the plurality of information portals such that each of the plurality of information portals recognizes the corresponding location identifier template for effecting a search on each of the plurality of information portals;
>
> displaying, through the user interface, to the user at least one data entry field for entering a query term by the user;
>
> receiving the query term entered into the displayed at least one data entry field;
>
> creating a separate corresponding query string for each of the plurality of information portals based on the corresponding information location identifier template;
>
> communicating with each of the plurality of information portals to send the corresponding query string and to retrieve search results associated with the received query term; and
>
> displaying the search results generated by the at least one information portal in the format specific to the at least one information portal.

Dkt. No. 26-2 at 30 ('894 Patent, cl. 1).

## II. ANALYSIS

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed, but early enough to not delay trial. FED. R. CIV. P. 12(C). Courts analyze a Rule 12(c) motion the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life. Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). That is, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry*, 512 F.3d at 180. In patent cases, Courts review the procedural posture of a motion for judgment on the pleadings using regional circuit law. *RecogniCorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322, 1325–1326 (Fed. Cir. 2017).

The § 101 inquiry is properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718-19 (Fed. Cir. 2014) (Mayer, J., concurring). Section 101 of the Patent Act defines the subject matter eligible for patent protection: "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, courts have long recognized that laws of nature, natural phenomena, and abstract ideas are not patentable under § 101 because they are "the basic tools of scientific and technological work." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citations omitted). The Supreme Court

established a two-part test to analyze patent eligibility under § 101. *Id.* The Court must first determine whether the claims at issue are directed to a patent-ineligible concept. *Id.* at 217. If they are, then the Court proceeds to the second step, which considers whether the elements of each claim, both individually and as an ordered combination, transform the claim into a patent-eligible application of the concept. *Id.* Patents issued by the United States Patent and Trademark Office enjoy a presumption of validity and eligibility, which must be overcome by clear and convincing evidence. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) (holding that a failure to presume that issued patents are valid and patent eligible constitutes error).

In the right circumstances, one claim may be representative of all claims when conducting a patentability analysis. When multiple claims are "substantially similar and linked to the same abstract idea," courts may analyze disputes by analyzing a single, representative claim. *Content Extraction Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014). A similar specification across two patents at issue supports a determination that the claims will overlap, but it does not determine whether a claim is representative. *PPS Data, LLC v. Jack Henry & Assocs., Inc.*, 404 F. Supp. 3d 1021, 1035 (E.D. Tex. 2019); *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1166 (Fed. Cir. 2018). The movant bears the burden to establish that a single claim is representative of all claims. *PPS Data, LLC*, 404 F. Supp. at 1030–31 (applying 35 U.S.C. § 282).

The defendant argues that the Court should dismiss this case at the pleadings stage. First, the defendant argues that the ’168 Patent and the ’894 Patent are directed to an abstract idea. It contends that the patents are directed to the abstract idea of receiving a user information request, submitting that request to a selected information source through an intermediary application, and presenting the source’s response. Dkt. No. 24 at 1. The defendant argues that the Asserted Patents are not patent eligible because they are directed at an abstract idea that is implemented using generic, functional steps of a standard computer and web browser. *Id.* at 10. The defendant cites numerous Federal Circuit cases it contends are analogous and that found claims to be ineligible because they related to collecting and analyzing intangible information. *Id.* 11–12 (citing *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350 (Fed. Cir. 2024); *In re Killian*, 45 F.4th 1373, 1380 (Fed. Cir. 2022); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335 (Fed. Cir. 2018); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016); *Chewy, Inc. v. Int’l Bus. Machs. Corp.*, 94 F.4th 1354 (Fed. Cir. 2024)). At the hearing, the defendant identified *Beteiro* and *Intellectual Ventures I* as the most relevant cases for the § 101 analysis. Second, the defendant contends that Claim 1 of the ’168 Patent is representative of all claims of the ’168 Patent and the ’894 Patent for purposes of the § 101 analysis, and therefore all claims are invalid. Dkt. No 24-1 (providing a claim-by-claim comparison).

The plaintiff argues that the claims are not directed to an abstract idea. Dkt. No. 26 at 11. The plaintiff argues that the claims are directed to a specific

technological improvement in how software applications interact with web browsers to streamline data retrieval. *Id.* The plaintiff notes that the Asserted Patents provided technological improvements for website querying and retrieval. *Id.* at 14. The plaintiff argues that this method is not an abstract concept because the Asserted Patents recite specific, ordered steps and describe how to achieve those improvements with precision. *Id.* at 12. At the hearing, the plaintiff agreed that *Beteiro* and *Intellectual Ventures I* were the two most relevant Federal Circuit opinions for this analysis. The plaintiff also argues that Claim 1 of the '168 Patent is not representative of all claims because several dependent claims include additional material limitations. *Id.* at 10.

The defendant replies by arguing that the plaintiff's *Alice* Step One arguments do not address the claims. Dkt. No. 30 at 7. The defendant argues that the plaintiff's arguments improperly focus on the specification, and not the claim language. *Id.* Relying on *Mobile Acuity*, the defendant notes that the Federal Circuit has held that the claims, not the specification, must supply the non-abstract idea. *Id.* at 10–15 (citing *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1293 (Fed. Cir. 2024)). The defendant also reiterates that Claim 1 is representative of all claims and points to the attached chart (Dkt. No 24-1) that identifies how each claim is substantially similar and related to the same allegedly abstract idea. Dkt. No. 30 at 5.

The undersigned finds Claim 1 of the '168 Patent to be representative of all the claims for purposes of the patentability analysis. The independent claims of the

Asserted Patents are directed to a substantially similar method of receiving information. The defendant explained how additional limitations present in separate claims did not change the § 101 analysis. *Id.* at 8 ("the dependent claims . . . add only pre- or post- solution activity that does not change the analysis under § 101"). Exhibit 1 to the defendant's Motion (Dkt. No. 24-1) sufficiently addresses, by doing a claim-by-claim comparison, how Claim 1 of both Asserted Patents are substantially similar and linked to the same idea. Accordingly, the undersigned will consider Claim 1 of the '168 Patent as representative of the other claims for the § 101 analysis.

Starting with an analysis of Claim 1 of the '168 Patent, the undersigned is persuaded that Claim 1 is not directed to an abstract idea. Claim 1 is directed to a technological improvement for information retrieval from websites. Claim 1 is not directed at the abstract idea of retrieving and displaying information but instead is directed to a technical solution for a technical problem created by the Internet. It claims a method for searching across multiple websites by identifying specific websites, entering query terms, generating address query strings, and displaying the search results for that query string. Dkt. No. 26-1.

Looking beyond Claim 1 of the '168 Patent, the other claims of the '168 Patent also add the use of a query string template for this method of searching across multiple web pages. *Id.* at 7. For example, Claim 3 expressly requires generating a query string template and storing that template for subsequent use. *Id.* This can be seen in the claim language discussing the query string template

generation. *Id.* Claim 5 of the '168 Patent specifically utilizes query strings based on templates to communicate those query strings to selected websites. *Id.* at 30. The claims create reusable templates based on a website's query-address and use those templates to receive results for later queries. *Id.* By recasting the method as "merely manipulat[ing] and display[ing] information," the defendant's argument oversimplifies the steps recited in the claim language which detail the streamlined query-string navigation process. The defendant's oversimplification fails to acknowledge the technical problems and technical solutions that the patents address and that are discussed in the specification. Dkt. No. 26-1 ('168 Patent, 1:18–35).

The language of Claim 1 of the '168 Patent is distinguishable from those held abstract in *Beteiro*. *Beteiro* applied four indicators that courts look at to analyze *Alice* Step One. First, whether the claims recite broad generic steps. Second, whether the claims are largely result-focused and not specific as to how to achieve those results. Third, whether there is analogous precedent holding that similar claims are abstract. Lastly, whether the claimed method is similar to longstanding, prevalent activities. *Beteiro*, 104 F.4th at 1355–57. Here, the claims do not recite generic information-processing steps. The claims specify how the result is achieved rather than simply claiming the generic use of a computer as a tool for information retrieval. The claims do not simply recite result-oriented steps that are longstanding real-world activities and merely require them to be conducted on a computer. The claim elements are only applicable to the Internet and query

searches of Websites. The claim limitations here are also directed to a particular technological solution, unlike in *Beteiro*, and are not directed to the abstract idea of simply gathering information like the defendant suggests. The defendant's analogy to a conventional information gathering tool fails to capture the claimed environment, interaction, and end result. The undersigned finds that the defendant has failed to prove by clear and convincing evidence that Claim 1 of the '168 Patent is invalid under § 101. Because the undersigned concludes that Claim 1 of the '168 Patent is not directed to an abstract idea, the Court need not reach *Alice* Step Two. The undersigned recommends that the defendant's Rule 12(c) Motion for Judgment on the Pleadings as to § 101 (Dkt. No. 24) be **DENIED**.

## III. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's Rule 12(c) Motion for Judgment on the Pleadings (Dkt. No. 24) is **DENIED**.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party

is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 5th day of November, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE